UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARNOLD S. JACOBSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:14-cv-01333-AGF |
| | ) | |
| METROPOLITAN ST. LOUIS SEWER | ) | |
| DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion (Doc. No. 53) to compel, which has been amended to include the certification required by Local Rule 3.04 and to attach the disputed discovery requests (Doc. No. 58). For the reasons discussed below, the motion shall be granted in part and denied in part.

## BACKGROUND

Plaintiffs brought this action in state court on June 30, 2014, asserting a variety of federal and state law claims arising from the connection of a storm water sewer on their property.[1] Defendants Metropolitan Sewer District ("MSD") and one of its officials, James Buford, removed the action to this Court on July 29, 2014, asserting federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. §

---

[1] Plaintiffs' original petition asserted state law claims for trespass (Counts I and II), inverse condemnation (Count III), assault (Count IV), slander (Count VI), and negligence (Count VII), and a federal 42 U.S.C. § 1983 claim for violation of their constitutional rights to free speech (Count V). However, Plaintiffs later voluntarily dismissed the assault and slander claims.

1367(a).

Plaintiffs' claims arise from the connection of an unrecorded storm sewer on their property. The sewer was discovered when a contractor hit and damaged it during the demolition of a house on neighboring property, owned by a couple by the last name of Seabaugh. Plaintiffs allege that the storm sewer is controlled by Defendant MSD, and when MSD discovered the storm sewer, it disconnected the sewer and rerouted it away from the Seabaughs' property and directly through Plaintiffs' property.

Plaintiffs allege that MSD trespassed on their property to plot the storm sewer, and that because MSD does not have an easement on Plaintiffs' property, the existence of the storm sewer also constitutes a "continuing trespass" and an inverse condemnation of Plaintiffs' property. Further, Plaintiffs allege that the part of the storm sewer crossing underneath their property has leaks and other defects, which have caused damage to, and devaluation of, Plaintiffs' property. Plaintiffs assert that MSD had notice of these defects and should have taken measures to protect against them before reconnecting the storm sewer on Plaintiffs' property.

Plaintiffs' motion to compel asserts four arguments: (1) that Defendants have objected to interrogatories and redacted their document production based on privilege without providing an appropriate privilege log; (2) that Defendants have produced documents in a manner that fails to reference the specific discovery request to which the documents relate; (3) that Defendants have not produced certain requested audio and video files in a readable format; and (4) that Defendants have inappropriately objected to the

production of discovery of MSD's communications with the Seabaughs regarding the storm sewer.

With respect to the privilege issues, Defendants respond that they are not required to produce a privilege log as long as they have provided sufficient information for Plaintiffs to evaluate the assertion of privilege. Defendants contend that Plaintiffs should be able to evaluate any privilege assertions here by reviewing the unredacted portions of the documents Defendants produced and by referring to the explanations included with Defendants' objections to interrogatories. However, Defendants note that should the Court find it necessary or appropriate, they are willing to produce to Plaintiffs a complete privilege log.

With respect to the organization of their document production, Defendants assert that they have produced documents as they are kept in the usual course of business, as Federal Rule of Civil Procedure 34 permits. Defendants further assert that it would be impracticable to produce documents with reference to specific document requests because many of Plaintiffs' document requests are so broad as to encompass all of the documents produced.

Regarding the format of audio and video files, Defendants assert that they advised Plaintiffs to alert them as to any readability issues, and when Plaintiffs advised defense counsel of readability issues, defense counsel worked diligently to fix these issues and received confirmation from Plaintiffs' counsel that the issues were resolved.

Finally, regarding discovery of MSD's communications with the Seabaughs,

Defendants assert that this information is "private and confidential between the Seabaughs and MSD" and that it is wholly unrelated to Plaintiffs' allegations. Defendants assert that they have produced all evidence relevant to Plaintiffs' claims, including video surveillance footage of the storm sewer on Plaintiffs' property and all documents related to the construction and condition of the storm sewer on Plaintiffs' property. Defendants contend that its separate negotiations with the Seabaughs regarding the portion of the storm sewer running through the Seabaughs' property are not relevant to the issues raised in Plaintiffs' claims—namely, whether MSD trespassed on Plaintiffs' property, whether the portion of the storm sewer running through Plaintiffs' property had any defects, and whether Plaintiffs' property was damaged or devalued in any way.

In reply, Plaintiffs assert that the discovery relating to the Seabaughs is relevant because the Seabaughs "had the exact same problem as the Plaintiffs continue to have" with MSD. (Doc. No. 56 at 1-2.) Plaintiffs suggest that MSD specifically negotiated with the Seabaughs to reconnect the storm water sewer through Plaintiffs' property with the knowledge that MSD had no right or interest in Plaintiffs' property and that the sewer was dangerous and defective. Plaintiffs also note that the name "Seabaugh" was mentioned several times in Defendants' depositions of both Plaintiffs, which Plaintiffs suggest further demonstrates the relevance of this discovery.

Regarding their remaining arguments, Plaintiffs reply that Defendants have not provided Plaintiffs with sufficient information to assess their assertions of privilege; that Defendants have not produced their documents as kept in the usual course of business

because Defendants' documents are not heavily redacted in their ordinary course of

business; that Defendants' video files were not produced in an appropriate format because

Plaintiffs were required to download a program to open these files[2]; and that the video files

did not include all of the information that Plaintiffs were anticipating, which Plaintiffs

suggest means that additional video recordings may exist.

## DISCUSSION

"Parties may obtain discovery regarding any non-privileged matter that is relevant

to any party's claim or defenses." Fed. R. Civ. P. 26(b)(1). Relevance for discovery

purposes is broadly construed, and "[r]elevant information need not be admissible at trial if

the discovery appears reasonably calculated to lead to the discovery of admissible

evidence." *Id.* "[A]fter the proponent of discovery makes a threshold showing of

relevance, the party opposing a motion to compel has the burden of showing its objections

are valid by providing specific explanations or factual support as to how each discovery

request is improper." *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 4:09CV234-DJS,

2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010).

Here, in light of the broad scope of discovery permitted by the Federal Rules, the

Court concludes that Plaintiffs are entitled to obtain discovery relating to MSD's

communications with the Seabaughs about the storm sewer. Plaintiffs have shown that

the discovery is reasonably calculated to lead to the discovery of admissible evidence

---

[2]     Plaintiffs do not dispute that they were eventually able to open the audio and video
files produced by Defendants.

5

regarding MSD's knowledge of the alleged defects in the storm sewer that was disconnected from the Seabaugh property and reconnected on Plaintiffs' property. However, in light of Defendants' assertions that this discovery includes confidential information, the Court will order the parties to attempt to reach an agreement regarding an appropriate protective order to protect the confidentiality of any information produced.

The Court also concludes that Defendants must produce a privilege log for any information withheld under an assertion of privilege. When a party withholds discovery by claiming that the information is privileged, the party must "describe the nature of the documents . . . not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Courts have consistently interpreted this requirement to mean that the party must produce a document index or privilege log. *Baranski v. United States*, No. 4:11-CV-123 CAS, 2014 WL 7335151, at *6 (E.D. Mo. Dec. 19, 2014). Moreover, in their amended joint proposed scheduling plan in this case, the parties agreed to produce a privilege log for any and all information or documents withheld as privileged. (Doc. No. 36.) Defendants have offered to produce a privilege log, and as the Court finds that a privilege log is necessary for Plaintiffs to assess the privilege claims, the Court will order Defendants to produce a privilege log complying with Rule 26(b)(5) within 14 days.

However, Plaintiffs' motion to compel will be otherwise denied. The Court agrees with Defendants that they have produced documents, including audio and video files, in a format permitted by Rule 34. Plaintiffs do not assert that their document requests

specified the format in which the requested information should be produced, and Plaintiffs

have not established that the format in which Defendants produced the information was

unreasonable.   Nor have Plaintiffs provided any basis for their assertion that additional

responsive video recordings exist which have not already been produced.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel discovery is

**GRANTED** as follows:

(a) Within **14 days** of the date of this Order, Defendants shall produce to Plaintiffs a

privilege log in compliance with Federal Rule of Civil Procedure 26(b)(5); and

(b) Defendants shall produce the requested discovery relating to the Seabaugh

property, subject to a protective order to be agreed upon by the parties.   The

parties shall also agree upon a reasonable timeframe within which Defendants

shall produce this discovery.

Except as set forth above, Plaintiffs' motion to compel is **DENIED**.   (Doc. No. 53.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day September, 2015.