UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARNOLD S. JACOBSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:14-cv-01333-AGF |
| | ) |
| METROPOLITAN ST. LOUIS SEWER | ) |
| DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion (Doc. No. 87) for reconsideration of the Court's Memorandum and Order dated December 1, 2015, which granted Defendant summary judgment on Count V of Plaintiffs' first amended complaint and remanded the remaining state law claims to the Circuit Court of St. Louis County, Missouri. For the reasons set forth below, Plaintiffs' motion shall be denied.

## BACKGROUND

In Count V, Plaintiffs Arnold and Joan Jacobson assert a claim under 42 U.S.C. § 1983, alleging that Defendants violated Joan Jacobson's "free speech rights" by cutting short her statement at a September 12, 2013 meeting of the Board of Trustees of Defendant Metropolitan St. Louis Sewer District ("MSD").

As more fully explained in the Court's December 1, 2015 Memorandum and Order, Plaintiffs also asserted state law claims for trespass, inverse condemnation, and negligence on the basis that MSD unlawfully connected a defective storm water sewer on their

property.  Plaintiffs' federal claim arises out of Ms. Jacobson's attempt to discuss the defective storm water sewer at a September 12, 2013 meeting of MSD's board of trustees. Defendant James Buford, chair of MSD's board of trustees, caused Ms. Jacobson to be physically removed from the meeting, which Plaintiffs alleged violated Ms. Jacobson's constitutional right to free speech.

The board meeting was held at MSD's headquarters, was recorded, and included an hour-long session that was closed to the public.  Following the closed session, the meeting was opened so that members of the public could make statements to the board.  Ten members of the public were scheduled to speak at the meeting, and Buford asked "all speakers to limit their remarks to three minutes, if at all possible."

Ms. Jacobson was the fourth member of the public to address the board, and her public statement consisted solely of reading aloud a written statement that was also distributed to the board members but apparently was not made part of the meeting record.

Ms. Jacobson was permitted to speak for more than three minutes but was not permitted to complete her remarks.  After Ms. Jacobson had spoken for more than three minutes, Buford asked her to speed her speech up, reminded her a few times of the time constraints, and eventually cut her off, noting that the board had copies of the written statement.  When Ms. Jacobson still refused to yield the floor, Buford requested security to escort her out.  The board meeting then continued, and an additional five members of the public made statements.

The Court concluded that the public comments portion of the board meeting

constituted a limited designated public forum and that the appropriate standard of scrutiny was therefore whether Defendants' restrictions on Ms. Jacobson's speech were reasonable and viewpoint-neutral. The Court found that they were as a matter of law, because there was no indication in the record that Ms. Jacobson was removed from the meeting because of the content of her speech; the time limit on the speech was not unreasonable in light of the purpose of the meeting and Defendants' interests in time management and efficiency; and Ms. Jacobson had alternative channels of communication open, such as shortening her speech, asking to introduce her full written statement into the meeting record, and/or following up on her concerns at the next board meeting.

The Court noted that Ms. Jacobson was in fact permitted to speak for more than three minutes, she continued to speak after twice being reminded of the time limitation, and if she were permitted to speak longer, the other scheduled speakers may have been denied an opportunity to speak. Accordingly, the Court found that Defendants' actions did not deprive Ms. Jacobson's free speech under the First Amendment as a matter of law. And because no constitutional right was violated in this case, let alone a clearly established one of which a reasonable person would have known, the Court also granted Buford qualified immunity from damages.

Finally, having granted Defendants judgment on the only federal claim against them, the Court declined to exercise supplemental jurisdiction over the remaining state law claims and remanded those claims to the state court in which they were originally filed. The Court also denied all outstanding motions, including Plaintiffs' motions to compel

from Defendants a privilege log and payment of expert fees, without prejudice to Plaintiffs refiling these motions in state court.

Plaintiffs now move for reconsideration, arguing that a factual question remains as to whether Defendants' restriction on Ms. Jacobson's speech was viewpoint-neutral. Plaintiffs argue that Defendants' actions in the months leading up to Ms. Jacobson's speech, in which they claimed a right to connect a storm water sewer on Plaintiffs' property, indicate that their actual motivation for restricting Ms. Jacobson's speech was its content, rather than its length. Plaintiffs also note that at the time the Court granted Defendants' motion for summary judgment on Count V, Plaintiffs' motion to compel a privilege log was still pending. Plaintiffs argue that Defendants' failure to turn over discovery that was the subject of this motion "hindered [Plaintiffs'] ability to fully respond to Defendants' Motion for Summary Judgment." (Doc. No. 87 at 6.) Therefore, Plaintiffs request reconsideration of the Court's summary judgment ruling. Alternatively, Plaintiffs argue that the Court should have ruled on the outstanding discovery motions before remanding the state law claims back to state court, and Plaintiffs request that the Court do so now.

## **DISCUSSION**

Although district courts have discretion in ruling on motions for reconsideration, in general, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted).

The Court finds that Plaintiffs have failed to demonstrate that reconsideration is warranted here. The Court gave careful consideration to the legal arguments Plaintiffs presented in opposition to Defendants' motion for summary judgment on Count V, and again now for reconsideration. Plaintiffs cite two non-binding cases in their motion for reconsideration in support of their argument that summary judgment here was improper. But neither of these cases contradicts the Court's ruling. In neither of those cases was the plaintiff in violation of a time restriction that was announced as applicable to all speakers, regardless of the speakers' identities or the content of their speech, as Ms. Jacobson undisputedly was here. *Cf. Ovadal v. City of Madison, Wisconsin*, 416 F.3d 531, 537 (7th Cir. 2005) (finding an issue of fact as to whether the city's speech restriction in a public forum was content-neutral where, unlike here, the city banned the plaintiff's speech on an "ad hoc basis" based on the "[l]isteners' reaction" to the speech rather than on the basis of time, place, or manner); *World Wide St. Preachers Fellowship v. Town of Columbia*, 245 F. App'x 336, 346 (5th Cir. 2007) (finding a question of fact as to whether the defendant was actually motivated to restrict the plaintiffs' speech based on a content-neutral statute, rather than the plaintiffs' viewpoint, when there was no evidence that the plaintiffs' speech violated the statute). As such, the Court does not find Plaintiffs' arguments in support of reconsideration persuasive.

Likewise, the Court rejects Plaintiffs' argument that reconsideration is warranted because the Court ruled on Defendants' motion for summary judgment on Count V before ruling on Plaintiffs' motion to compel a privilege log. If Plaintiffs needed additional

5

discovery to respond to Defendants' summary judgment motion, they could have requested that the Court defer ruling on summary judgment to allow Plaintiffs time to complete the discovery, pursuant to Federal Rule of Civil Procedure 56(d).   But Plaintiffs did not do so, and Plaintiffs still have not identified what they believe the additional discovery would show that would defeat summary judgment on Count V.   Indeed, the discovery that was the basis of the motion to compel a privilege log appears to relate to Plaintiffs' state law claims rather than to Count V.

In short, the Court finds no basis to reconsider its December 1, 2015 Memorandum and Order.   Nor does the Court believe that it should have ruled on Plaintiffs' motions to compel before remanding the state law claims to the state court in which they were originally filed.   The motions to compel involve discovery related to Plaintiffs' state law claims and may be resolved by the state court that will be adjudicating those claims.

### **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration is **DENIED**.   (Doc. No. 87.)

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of February,   2016.