UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARNOLD S. JACOBSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:14-cv-01333-AGF |
| | ) |
| METROPOLITAN ST. LOUIS SEWER DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' pro se Petition to Modify Stipulated Protective Order in this closed case, in order to "allow all discovery documents and digital material [to] be made available to the public." ECF No. 90. The Stipulated Protective Order was entered on October 2, 2015, pursuant to the agreement of the parties,[1] and provided that nothing in the Order "shall preclude any party from petitioning the Court for additional protection with respect to any litigation material as that party considers necessary and appropriate, including applying for an order modifying this Protective Order in any respect." ECF No. 62 at 7. The Order further provided that "[e]ach party and person who is subject to the terms of this Protective Order submits himself or herself to the jurisdiction of this Court for its enforcement." *Id.*

On December 1, 2015, the Court granted Defendants' motion for summary

---

[1] Plaintiffs were, at the time the Stipulated Protective Order was entered, and until January 12, 2018, represented by counsel.

judgment on Plaintiffs' federal claims, and remanded Plaintiffs' remaining state-law claims to the state court in which this case was originally filed. According to the parties, the state-law claims were ultimately tried, and a jury found in favor of Plaintiffs.

Plaintiffs now seek to modify the Stipulated Protective Order for the reason that "[t]he documents under protection should be made available to the public as they show the workings of a municipal corporation, [Defendant] Metropolitan St. Louis Sewer District (MSD) and the manner in which that municipal corporation attends to major sewer issues of individual rate payers." ECF No. 90 at 2. Defendants oppose the motion.

"As long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed." *Creative Compounds, LLC v. Adorno & Yoss LLP*, No. 1:09CV129 SNLJ, 2013 WL 6511956, at *2 (E.D. Mo. Dec. 12, 2013) (citations omitted). It is within the court's discretion whether to amend or modify a protective order. *Id.*

Federal Rule of Civil Procedure 26(c) allows for the issuance of a protective order upon a showing of good cause. Fed. R. Civ. P. 26(c). "If parties enter freely into a stipulated protective order, they are implicitly agreeing that there is good cause to grant it." *Blount v. Major*, No. 4:15 CV 322 DDN, 2016 WL 2937333, at *1 (E.D. Mo. May 20, 2016) (citation omitted). Thus, "[w]hen modification of a protective order is sought, the movant bears the burden of showing good cause," *id.*, and "where a protective order is agreed to by the parties before its presentation to the court, there is a higher burden on the movant to justify the modification of the order," *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d

2

594, 597 (7th Cir. 1978). Moreover, "[a] party seeking to amend a protective order has the burden of showing that intervening circumstances have obviated or limited any potential prejudice to the protected party." *U.S. Commodity Futures Trading Comm'n v. U.S. Bank, N.A.*, No C13-2041, 2015 WL 429962, at *2 (N.D. Iowa Feb. 2, 2015) (citing *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 954 (8th Cir. 1979)).

In their motion, Plaintiffs argue that a different standard applies here, because the protective order was stipulated to by the parties without a finding of good cause. Plaintiffs are incorrect on the facts and the law. Specifically, the protective order in this case arose out of a discovery dispute between the parties regarding some of the documents at issue in Plaintiff's current motion. In its Order of September 14, 2015 (ECF No. 60), the Court ordered the production of documents but directed that the production take place pursuant to a protective order to be negotiated by the parties. Thus, the protective order was a result of this Court's prior finding of good cause. Moreover, as discussed above, by agreeing to the terms of the Stipulated Protective Order before presenting it to the Court, Plaintiffs implicitly agreed that good cause existed to protect the confidentiality of the documents at issue.

Plaintiffs have not shown that circumstances have changed since October 2, 2015, when the Court entered the Stipulated Protective Order, such that disclosure of such confidential documents would be warranted now.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' pro se Petition to Modify Stipulated

3

Protective Order is **DENIED**.  ECF No. 90.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2018.